**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04829-RMR

YASIEL LAZARO OQUENDO CABALLERO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, and
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

Petitioner Yasiel Lazaro Oquendo Caballero ("Petitioner") is an immigrant from Cuba. ECF No. 1 at 5. He entered the United States in April 2016, at which time he was released on parole. *Id.* He alleges that in May of 2026 he was detained by several individuals, who arrested him without a warrant and delivered him to the custody of Immigration Customs and Enforcement ("ICE"). *Id.* Later, in June, an Immigration Judge ordered his removal from the United States to Cuba. *Id.* at 6. However, Petitioner was informed by ICE officials that the government of Cuba had refused to accept him, and that he would be removed to Mexico instead. *Id.* at 7. He has remained in ICE custody in Aurora Colorado since that date. *Id.* at 6.

Petitioner filed the instant Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"), ECF No. 1, requesting his immediate release. He argues

that his arrest without a warrant and his prolonged detention violate his rights to due process under the Fifth Amendment and the Immigration and Nationality Act. *Id.* at 5.

Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 7 at 1. They recognize that "the Court may then decide to grant the Petition and award appropriate relief." *Id*. Respondents submit that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (underline in original).

Given this response, the Petition is granted. As Petitioner was arrested in the interior of the United States, his detention is governed by 8 U.S.C. § 1226(a). *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1226, 1237 (10th Cir. 2026). Under that section, detention is only permitted "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). But Petitioner was arrested without a warrant. Furthermore, his detention is also impermissible. After an order of removal is issued, aliens are held in custody for a ninety-day "removal period." 8 U.S.C. § 1231(a)(2)(A). After the removal period expires, the government may continue to detain certain aliens in certain situations, *id.* § 1231(a)(6), but "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Petitioner contends that it is not reasonably foreseeable that he will be removed, ECF No. 1 at 9, and Respondents do not contest that allegation. *See* ECF No. 7. Thus, Respondents have no basis to detain Petitioner further.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and

5. On or before **October 15, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 8, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court